```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| GALEN G. GEARHEART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v.                ) | 0:14-CV-172-JMH |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL    ) | |
| SECURITY,         ) | |
| ) | |
| Defendant.        ) | |

                    *** *** ***

This matter is before the Court upon cross-motions for Summary Judgment [DE 15, 16] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits and supplemental security income.[1] For the reasons discussed below, the Plaintiff's motion will be granted and Commissioner's motion will be denied. The Commissioner's decision will be reversed and the matter will be remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge (ALJ), in determining disability, must conduct a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 summary judgment motions. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 2011 through his date last insured of March 31, 2013. Considering step two, the ALJ found that Plaintiff had the severe impairments of cluster headaches, depression, and anxiety. The ALJ concluded, however,

2

that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the record, the ALJ concluded that the Plaintiff had the residual function capacity to perform "a full range of work at all exertional levels but with the following nonexertional limitations: can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to hazards such as moving machinery and unprotected heights; can understand, remember, and carry out detailed and simple instructions; can handle occasional changes in the work setting; can frequently interact with coworkers and supervisors; and can occasionally interact with the public."

## II. Standard of Review

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*,

803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

### III. Background

At the time of the ALJ's decision, Plaintiff was forty-eight years old and had a significant educational history. He was trained as a pharmacist and worked in that field for many years before becoming incarcerated on unrelated matters. After his release from prison in 2012, Plaintiff sought treatment for depression at the VA Medical Center with Jeffrey Jenkins, Psy. D. At that time, he also reported suffering from cluster headaches, which he said began when he was serving in the United States Air Force several years earlier.

In late 2012, Plaintiff underwent diagnostic imaging of the brain. A CT scan revealed "minimal mucosal thickening involving a few ethmoid air-cells bilaterally posteriorly." An MRI with contrast showed "no acute intracranial process without evidence of focal post contrast enhancement." He began treatment with a neurologist, Dr. Lawrence Clapp in November 2012. Dr. Clapp noted that, while many medications had failed to decrease the frequency of Plaintiff's headaches, Lyrica had provided some relief.

Plaintiff was also seeing some improvement with the use of anti-depressant medication, as well as counseling through the VA.

Brittany Shaw, M.S. performed a consultative psychiatric examination in February 2013. She assigned Plaintiff a Global Assessment of Functioning (GAF) of 55 and found that his capacity to understand, remember, and carry out instructions toward performance of simple repetitive tasks was not affected. She found that his ability to tolerate the stress and pressure of day-to-day employment was affected with moderate limitations, however. She also determined that his ability to respond appropriately to supervision, co-workers, and work pressures in a work setting was affected with moderate limitations.

After having treated him for approximately two years, Plaintiff's neurologist, Dr. Clapp, provided a medical source statement in July 2014. Dr. Clapp gave his impression of the frequency, nature, and severity of Plaintiff's headaches. Dr. Clapp opined that, due to the nature of the headaches, Plaintiff would need to take unscheduled breaks from an eight-hour workday and would be incapable of even low stress jobs. Dr. Clapp went on to state that Plaintiff would likely be absent from work more than four times per month.

After Plaintiff's claims were denied initially and upon reconsideration, Plaintiff filed a written request for a hearing, which was held in July 2014. On August 13, 2014, the ALJ determined

5

that Plaintiff was not under a disability.  This timely appeal followed.

**IV. Analysis**

    **A. The ALJ erred at step three by failing to properly analyze Plaintiff's claim that his headaches were medically equivalent to Listing 11.03.**

Even if a claimant cannot demonstrate disability by meeting a listing, he may be disabled if his impairment is medically equivalent to a listing.  20 C.F.R. § 404.1520(a)(4)(iii); *see* 20 C.F.R. § 404.1525.  At the hearing conducted on July 31, 2014, Plaintiff requested that the "file be looked at by a medical expert" because Plaintiff believed that Listing 11.03, "Epilespy – nonconvulsive" was equaled.  Medical findings required for this listing include "alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day."

An ALJ must compare the claimant's medical evidence with the requirement for listed impairments to determine whether the condition is equivalent in severity to the medical findings for any listed impairment.  *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011).  Here, the ALJ purported to evaluate Plaintiff's headaches under Section 11.00 of the Listings, which deals with the neurological system overall.  The ALJ stated simply that "examination of the claimant has revealed no focal neurological deficits and the claimant's headaches appear

6

to be adequately managed with medication." The ALJ went on to conclude that Plaintiff had no impairment equal in severity to any listed impairment, "as no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment."

The ALJ erred by failing to actually analyze Plaintiff's physical condition in relation to the listed impairments. He engaged in a thorough analysis with relation to Plaintiff's mental condition, but essentially skipped the step when it came to Plaintiff's physical condition. Since the ALJ did not perform a meaningful analysis of Plaintiff's physical condition in relation to the listings, the court cannot say that the decision is supported by substantial evidence.

Plaintiff also contends that the ALJ was required to obtain an expert medical opinion on the issue of medical equivalency. Social Security Ruling 96-6p provides that, although the ALJ is responsible for deciding the ultimate question of whether a listing is met or equaled, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the ALJ must be received into the record as opinion evidence and given appropriate weight. 1996 WL 374180, *3. The Court has reviewed the ALJ's opinion in this matter and fails to identify any discussion of an expert's opinion on the issue of equivalence or the weight given

7

thereto. Based on these errors with respect to the issue of medical equivalency, this matter will be remanded for reconsideration.

    **B.    The ALJ erred by failing to provide good reasons for giving no weight to the opinion of Plaintiff's treating neurologist, Dr. Clapp.**

The Social Security regulations require that if the opinion of a claimant's treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in the case record," it must be given controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citation and alteration omitted). If the treating source's opinion is not given controlling weight, the ALJ must apply certain factors, which include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," in determining the amount of weight to give the opinion. *Id.* Even when the treating physician's opinion is not given controlling weight, there remains a rebuttable presumption that the treating physician's opinion is entitled to great deference. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

8

Here, the ALJ gave "no weight" to the opinion of Dr. Clapp, Plaintiff's treating neurologist. The reason given was simply that the limitations assigned by Dr. Clapp were "excessive and inconsistent with the objective evidence of record." The ALJ failed to discuss any of the other factors outlined above and failed to provide an explanation for the drastic decision to give no weight to the opinion of a treating specialist. The Court also notes that the ALJ gave very little meaningful explanation regarding the weight assigned to the opinions of any of the medical sources. Accordingly, the matter will be remanded for reconsideration and so that the ALJ may better articulate his reasons for the weight given to the various opinions he relies upon in this matter.

**C. The ALJ's credibility determination is supported by substantial evidence.**

There is no question that the subjective complaints of a Plaintiff can support a claim for disability if there is also objective medical evidence to establish an underlying medical condition. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). An ALJ is not required to accept a claimant's subjective complaints, however, and may consider the credibility of the claimant when making a determination for disability benefits. *Id.* at 476. Additionally, the ALJ may present a hypothetical to the vocational expert based on his own assessment,

9

rather than the plaintiff's subject claims, if the ALJ deems the claimant's testimony to be inaccurate. *Id*. Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the allege symptoms, but found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible.

To support his finding of diminished credibility, the ALJ cited what he determined to be several inconsistencies in the record. First, Plaintiff was seeking work in late 2012, which the ALJ believed was inconsistent with Plaintiff's claim of disability. Further, he cited what he perceived as Plaintiff's high level of daily function, which included housework, managing bills, caring for his elderly mother, and grocery shopping. He also cited Plaintiff's statements from April 2014 in which he reported that Lyrica was helping his headaches. Additionally, he cited portions of the record showing that Plaintiff's GAF indicated only moderate symptoms. Based on the foregoing, the ALJ has pointed to substantial evidence upon which he based his credibility determination and it will not be disturbed.

## V. Conclusion

Accordingly, **IT IS ORDERED:**

(1) that the Commissioner's motion for summary judgment, [DE 16], is **DENIED;**

10

(2) that Plaintiff's motion for summary judgment, [DE 15], is **GRANTED;** and

(3) that the Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

This the 18th day of August, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge